UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     PLAINTIFF, ) | |
| ) | CASE NO. 1:10-cv-694 |
| v. ) | |
| ) | |
| ) | JUDGE MICHAEL R. BARRETT |
| CONTENTS OF WOODFOREST ) | |
| NATIONAL BANK ACCOUNT No. ) | |
| XXX0017 IN THE NAME OF ) | |
| SOUTHERN OHIO COMPLETE PAIN ) | |
| MANAGEMENT C/O TRACY BIAS, *et* ) | |
| *al.*, ) | |
|     DEFENDANTS. ) | |

**REPLY TO MEMORANDUM CONTRA TO MOTION TO DISMISS**

The United States has requested that the Court lift the stay of this civil forfeiture action and enter an Order, pursuant to Fed. R. Civ. P. 41(a)(2), dismissing the lawsuit without prejudice. The United States elected to pursue the forfeiture of the six defendants that are the subject of this case, not in the civil forum, but in Claimant Tracy Bias' ("Bias") criminal case, *United States v. Tracy Bias, et al.*, S.D. Ohio Case No. 1:12-cr-43. The property was forfeited to the United States in that criminal action, rendering the instant action moot. Therefore, dismissal of this civil forfeiture action is appropriate.

**MEMORANDUM IN SUPPORT**

**I.      BACKGROUND**

    a.      The Civil Forfeiture Action

On October 6, 2010, this civil forfeiture case was filed as parallel action to the ongoing criminal investigation of claimant Tracy Bias ("Bias") and others (ECF No. 1). On October 21, 2010, the Court originally issued an Order to Stay Proceedings, staying this case for six months or

until the underlying parallel criminal investigation had been concluded, whichever came first (ECF No. 8). On November 17, 2010, Bias filed a Claim in this matter, and filed and Answer on November 29, 2010 (ECF Nos. 10 and 13). Subsequently, upon Motions filed by the United States pursuant to 18 U.S.C. § 981(g) (ECF Nos. 19, 30, and 37), supported by *ex parte* declarations submitted to the Court pursuant to 18 U.S.C. § 981(g)(5), the Court Ordered the Stay to be extended on May 20, 2011 (ECF No. 23) and on November 22, 2011 (ECF No. 35 ).[1] On July 9, 2012, the Court Ordered the Stay to be extended until the underlying parallel criminal proceeding, *United States v. Tracy Bias, et al.*, 1:12-cr-043, had been concluded (ECF No. 41). Pursuant to a Minute Entry on June 13, 2013, this Court continued the stay in this matter pending resolution of the criminal matter.

    b.    <u>The Criminal Action</u>

On May 16, 2012, the Grand Jury for the Southern District of Ohio returned an Indictment against Bias and others (Case No. 1:12-cr-43, ECF No. 1). The Indictment charged the defendants with violating 21 U.S.C. §§ 841 and 846, among other violations. The Indictment contained notice to Bias that the United States would seek the forfeiture of certain property under 21 U.S.C. § 853 (the "subject property"). The six pieces of property comprising the "subject property" named in the Indictment are the same six pieces of property listed as the defendants in this civil action.

On January 16, 2013, the United States superseded the Indictment against Bias and others,

---

[1] Claimants assert that the United States' first Motion to Extend Stay filed on April 19, 2011 (ECF No. 19) expired on October 21, 2011, however, the since Court did not grant the Motion until May 20, 2011 (ECF No. 23), the stay was extended until November 20, 2011, which was a Sunday. The United States filed their second Motion to Extend Stay (ECF No. 30) on Monday November 21, 2011.

alleging additional allegations, and listed the same six pieces of property as being subject to forfeiture (Case No. 1:12-cr-43, ECF No. 109). Attorney Hillman was included as a co-conspirator with Bias in the Superseding Indictment.

On May 23, 2013, Bias entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Indictment and to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation to the United States (Case No 1:12-cr-43, ECF No. 147). Additionally, Bias waived all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out with the Plea Agreement (*Id.*). Bias entered a plea of guilty to Count 1 of the Superseding Indictment on June 7, 2013 (Case No. 1:12-cr-43, ECF No. 160).

On May 15, 2014, the Court entered a Preliminary Order of Forfeiture (Case No. 1:12-cr-43, ECF No. 240) finding that the United States established the requisite nexus between the subject property and the offense to which Bias pled guilty, and ordered that all right, title, and interest of Bias in the subject property had been forfeited to the United States.

The United States gave electronic notice through the CM/ECF notification system of the Motion for Preliminary Order of Forfeiture to counsel for Bias, and Bias did not object to the forfeiture of the subject property.[2]

On May 21, 2014, the Court held Bias' sentencing hearing and verbally announced the forfeiture of the subject property (Case No. 1:12-cr-43, ECF No. 243). The Amended Judgment

---

[2] Bias objected to the Preliminary Order of Forfeiture as it regarded to the entry of a money judgment, not to the forfeiture of the specific property. After a hearing on the matter, this Court has taken that objection under advisement (Case No. 1:12-cr-43, ECF Nos. 259, 295, and 296)

including sentence as to forfeiture establishes that Bias forfeited the subject property to the United States (Case No. 1:12-cr-43, ECF No. 242).

Notice of the forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 22, 2014, and ending on June 20, 2014 (Case No. 1:12-cr-43, ECF No. 331).

On January 20, 2015, the Court entered a Final Order of Forfeiture, condemning and forfeiting the subject property to the United States (Case No. 1:12-cr-43, ECF No. 337), thereby rendering moot the instant civil case forfeiting the same property.

## II. ARGUMENT

### A. THE CHOICE OF PROCEEDING WITH FORFEITURE CRIMINALLY OR CIVILLY IS THE UNITED STATES' PREROGATIVE.

The United States has discretion to elect between civil and criminal forfeiture of property. See e.g. *United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) ("this Court has recognized that it is 'perfectly proper' to begin a forfeiture action with a civil seizure, and then to convert the action to a criminal forfeiture once an indictment is returned."); *United States v. Leyland*, 277 F.3d 628, 633 (2d Cir. 2002); *United States v. Louthian*, 756 F.3d 295, n. 12 (4th Cir. 2014) ("the choice of which type [of forfeiture] to pursue is often a tactical one committed to the sound discretion of the United States Attorney"); *United States v. One 1990 Arctic Cat EXT Snowmobile*, 1996 WL 132107, *1 (S.D.N.Y. 1996) ("Though they may be based on an identical set of facts, civil and criminal forfeiture actions may be pursued as separate actions."); *United States v. Houshar*, 2006 WL 562206 (E.D. Pa. 2006) ("it was the government's prerogative to initiate parallel proceedings, and . . . [claimant] was required to follow the government's lead.");

*Cassell v. United States*, 348 F. Supp. 2d 602, 606 (M.D.N.C. 2004).

Here, the United States elected to proceed with ancillary forfeiture proceedings in the criminal action and to litigate any potential claims to the forfeited property in that forum. Since the United States proceeded in the criminal action, and the defendants were forfeited criminally, this civil forfeiture action is no longer necessary.

      B.      CLAIMANTS' ARGUMENTS HAVE BEEN PREVIOUSLY RULED UPON BY THE DISTRICT COURT AND THE SIXTH CIRCUIT (IN DICTA) AND ARE BARRED BY THE LAW OF THE CASE DOCTRINE.

Claimants' arguments have no merit, and, in fact, have been ruled upon multiple times by this Court. With the exception of the first two paragraphs, the last paragraph, and a few minor changes, Claimants' response has been copied verbatim from multiple documents previously filed with this Court (See ECF Nos. 16, 21, 25, 32, 39, 44, and 52) and the Sixth Circuit (Case No. 11-3724, Document No. 006111041372). The Court has ruled against these repeated arguments each time they have been raised (See ECF Nos. 18, 23, 34, 35, 41, and Minute Entry dated June 13, 2013). Similarly, in Case No. 11-3724, the Sixth Circuit dismissed the Claimants' case for lack of an appealable order, stating in dicta that "the claimants do not make a sufficiently strong showing of a due-process violation" (Document No. 006111114438 at 3, ECF No. 26 at 3).

The Sixth Circuit is clear that "[A]s most commonly defined, the doctrine [of law of the case] [sic] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Watts v. United Parcel Services, Inc.*, No. 1:03-CV-589, 2011 WL 587234 at *1 (S.D. Ohio February 9, 2011), citing *Arizona v. California*, 460 U.S. 605, 618 (1983); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). The Court in *Watts* goes on to

5

say that "[w]hile the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues or the decision was clearly erroneous and would work a manifest injustice." *Watts* at *1, citing *White v. Murtha*, 377 F. 2d 428 (5th Cir. 1967).

Claimants have offered nothing new in their arguments, and since the Court has ruled on each argument multiple times, the United States respectfully requests that the Court apply the law of the case doctrine and grant its Motion to Dismiss.

### III. CONCLUSION

The United States initiated this civil case and stayed it during the pendency of the related parallel criminal investigation and case, and has updated the Court regularly by *ex parte* Declarations, as allowed by statute. The United States elected to pursue the forfeiture of the six defendants, not in the civil forum, but in Bias' criminal case. At that time, the stay was extended until the conclusion of the criminal case, which is now finished.

In his criminal case, Bias agreed to forfeit the defendants, and the United States was granted Preliminary and Final Orders of Forfeiture, giving it all right, title, and interest in the property pursuant to 21 U.S.C. § 853(a). Because the defendants in this case are forfeited, this case has been rendered moot, as there is nothing left to forfeit.

The United States therefore respectfully requests that the Court enter an order lifting the stay and dismissing this action without prejudice.

Respectfully submitted,

BENJAMIN C. GLASSMAN
Acting United States Attorney

*s/Matthew J. Horwitz*
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 Fax: (513) 684-6972
Mattthew.Horwitz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply to Memorandum Contra to Motion to Lift Stay and Dismiss was filed with the Clerk of Court's CM/ECF System on May 12, 2016 which provides electronic notice to all parties of record.

*s/Matthew J. Horwitz*
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
